52 F.3d 327
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Julio Manuel SOMELLIAN, Defendant-Appellant.
 No. 94-3207.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1995.
 
 1
 Before: KENNEDY and NORRIS, Circuit Judges, and TAYLOR, District Judge.*
 
 ORDER
 
 2
 Julio Manuel Somellian appeals his judgment of conviction and sentence following his guilty plea to one count of possession with intent to distribute in excess of five kilograms of cocaine in violation of 18 U.S.C. Sec. 2 and 21 U.S.C. Sec. 841. The district court sentenced Somellian to 33 months of imprisonment, five years of supervised release, and imposed a $50 special assessment. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 In this timely appeal, Somellian argues that the district court improperly denied his motion to suppress in concluding that Somellian was not the victim of an illegal search and seizure.
 
 
 4
 In reviewing the district court's decision denying Somellian's motion to suppress, we uphold the district court's findings of fact unless they are clearly erroneous and we review the court's legal conclusions de novo. United States v. Diaz, 25 F.3d 392, 394 (6th Cir.1994).
 
 
 5
 We conclude that Somellian was not the victim of an illegal search and seizure. The state troopers properly stopped Somellian for committing a traffic violation. See United States v. Ferguson, 8 F.3d 385, 391 (6th Cir.1993) (en banc), cert. denied, 115 S.Ct. 97 (1994). The troopers possessed a reasonable and articulable suspicion that Somellian and his companions had been involved in criminal activity; therefore, they properly detained Somellian to investigate the situation. United States v. Bentley, 29 F.3d 1073, 1075 (6th Cir.), cert. denied, 1994 WL 597412 (U.S. Nov. 28, 1994). The troopers did not use an excessive period of time to conduct their investigation. See United States v. Obasa, 15 F.3d 603, 607 (6th Cir.1994). Lastly, the district court's conclusion concerning the reliability of the dog used in the canine search is not clearly erroneous. See Diaz, 25 F.3d at 394-96.
 
 
 6
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Anna Diggs Taylor, United States District Judge for the Eastern District of Michigan, sitting by designation